```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :   CONSENT PRELIMINARY ORDER
            - v. -                                               :   OF FORFEITURE/
                                                                 :   MONEY JUDGMENT
NIHAT CARDAK,                                                    :
                                                                 :   21 Cr. 616 (PGG)
            Defendant.                                           :
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about October 12, 2021, NIHAT CARDAK (the "Defendant"), among others, was charged in a sealed Indictment, 21 Cr. 616 (PGG) ((the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349 (Count Two); conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count Three); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Counts Four and Five);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property constituting, or derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about January 12, 2023, the Defendant pled guilty to Count One of the Indictment pursuant to a plea agreement wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) a sum of money equal to $350,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $350,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Peter J. Davis and Emily A. Johnson, of counsel, and the Defendant and his counsel, Neil P. Kelly, Esq. and Sylvie Levine, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $350,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. The Defendant shall pay $125,000 to the United States by the time of sentencing (the "Initial Payment Deadline"). The Defendant shall pay the balance of the Money

Judgment, totaling $125,000, within or by the expiration of 12 months following the latter of either (i) the date of the Defendant's sentencing in this matter or (ii) the date of his release from any term of incarceration imposed in this matter (the "Final Payment Period"). In the event that the Defendant fails to remit $125,000 on or before the date of the Initial Payment Deadline, and/or $125,000 on or before the date of the expiration of the Final Payment Period, the entire Money Judgment of $350,000 shall be due and owing and nothing in this Order shall limit the United States' ability to proceed against any assets of the Defendant to satisfy the Money Judgment, pursuant to Title 21, United States Code, Section 853(p).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant NIHAT CARDAK, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture /Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          January 2, 2023
PETER J. DAVIS                                                               DATE
EMILY A. JOHNSON
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2468 / 2409


NIHAT CARDAK

By: _____          1/12/23
NIHAT CARDAK                                                            DATE


By: _____          1/12/2023
NEIL P. KELLY, ESQ.                                                  DATE
SYLVIE LEVINE, ESQ.
Federal Defenders of New York
52 Duane Street 10th Floor
New York, NY 10007

SO ORDERED:

_____          Jan. 12, 2023
HONORABLE PAUL G. GARDEPHE                   DATE
UNITED STATES DISTRICT JUDGE